### Frances S. Cairns v. Laura S. Hunt.

1. BOOKS OF ACCOUNT—*Memoranda to Refresh the Memory Are Not.* —Mere memoranda for the convenience of a real estate firm, disclosing no purpose to charge or bind any one, are proper to aid the memory of a witness, but not as proof to the jury of a disputed fact.

Assumpsit, on a promissory note. Trial in the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

CHAS. S. CAIRNS and OUTTEN & ROBEY, attorneys for appellant.

JOHNS & HOUSUM, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is a suit in assumpsit by appellant, upon a promissory note for $1,000, executed by appellee to appellant on the 10th of February, 1890.

It is admitted by appellee that she received the money for which the note was given, but she contends that it was invested in real estate bought for appellant, and that the note was executed under a mistake of fact as to such investment.

It appears from the record that the parties are sisters; that appellee resides at Spokane, Washington, and appellant at Minneapolis, Minnesota; that appellee at the time of receiving the $1,000 in question had been dealing largely in real estate at Spokane; that the money was sent to appellee for the purpose of investment in real estate for appellant; that appellee, in behalf of appellant, made a purchase of certain real estate known as block 24 in the southeast addition to Ross Park in Spokane, and delivered to Kaufman & Co., bankers and agents for appellee, the $1,000 cash, and notes for $3,500 signed by her in the name of her sister, to secure the balance of the purchase money, and received a bond for a deed; that subsequently, because of appellant becoming dissatisfied, the notes and bond for deed were surrendered and canceled; that some time afterward appellee was informed by a member of the firm of Kaufman & Co. that the $1,000 received from appellant had never been paid on the Ross Park property, but had been placed to appellee's individual account; that appellee thereupon notified her sister of such information and executed the note sued on under the belief that the money had been used for her individual benefit. It further appears that it was the understanding of both parties that appellee owed her sister the amount of the note up to the time of and after this suit was brought in 1897. Appellee claims, however, that after being sued she discovered upon an examination of the books of Kaufman & Co. that the $1,000 was in fact paid

on the block of land purchased for appellant. It was upon that contention that the case was tried, resulting in a verdict and judgment for appellee.

Of the errors assigned we do not deem it necessary to consider in this opinion other than those which relate to the admission in evidence of an entry contained on page 352 of a book of Kaufman & Co., entitled "Records of sales," which reads, "Feb. 11th, Frances S. Cairns (purchaser) all of (S. E.) B. 24, price, $4,500, Amt. Pd. $1,000, Bal. 1 & 2 yrs.;" and the refusal of the court to grant a new trial because of newly-discovered evidence.

We think the court erred in admitting the book entry above quoted for the reason that no sufficient foundation for it was laid. It can not be regarded as an "account book of original entries," and is not governed by the same rules which control in the introduction of such entries as evidence. It is a mere memorandum for the convenience of a real estate firm and discloses no purpose to charge or bind any one. Such memoranda are sometimes resorted to to aid the memory of a witness, but not as proof to the jury of a disputed fact. Prescott, the bookkeeper, upon whose testimony the foundation for the introduction of the memorandum was attempted, does not state that the entry represents truly an actual transaction, nor does he testify that he has any recollection of such a transaction. For aught that appears in his testimony or the recitals of the memorandum itself, the entry may have been made at a time subsequent to the execution of the note.

We think the showing made by appellant in the affidavits submitted in support of her motion for a new trial was sufficient to entitle her to have the verdict set aside. We reverse the judgment, however, chiefly upon the ground that the court erred in admitting as evidence the book entry mentioned above. Reversed and remanded.